CRIMINAL ACTION NO. 5:09-122

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.                                    **OPINION AND ORDER**

DEIONTA LARAY CATLETT,                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Suppress (DE 9) filed by the Defendant. Pursuant to 28 U.S.C. § 636(b)(1)(B), the motion was referred to the Magistrate Judge to issue a recommendation. After conducting two evidentiary hearings, the Magistrate Judge has recommended that the motion be denied. The Defendant has filed objections to the Magistrate Judge's recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made.

The Defendant does not dispute any of the factual findings by the Magistrate Judge. The Court has reviewed the transcripts and finds the Magistrate Judge's factual findings to be accurate and, accordingly, adopts them. Instead of disputing the Magistrate Judge's factual findings, the Defendant argues that the Magistrate Judge overlooked certain facts. However, to the extent that the Magistrate Judge's recommendation fails to mention certain facts contained in the transcript, the omitted facts do not contradict the Magistrate Judge's conclusions.

There is no dispute that the Defendant was driving a moped the wrong way down a one-way street in a high-crime area when police officer Robert Terry turned on his emergency lights and the

Defendant pulled over to the curb.  As a result of the stop, Officer Terry discovered in the seat compartment of the moped a plastic bag containing cocaine.  The Defendant moves to suppress the cocaine, arguing that it was discovered as the result of an illegal search of the moped.

The Magistrate Judge determined that the cocaine should not be suppressed for several reasons.  First, the Defendant failed to establish any legitimate privacy interest in the moped or its contents; second, he abandoned any such interest when he attempted to flee the scene; and third, Officer Terry had probable cause to search the moped.

 As to the Magistrate Judge's conclusion that the Defendant failed to establish a reasonable expectation of privacy in the moped, the Sixth Circuit has held that "[b]ecause Fourth Amendment rights are 'personal,' the central inquiry in any suppression hearing is whether the defendant challenging the admission of evidence has shown a legitimate expectation of privacy in the place searched or the thing seized." *United States v. King*, 227 F.3d 732, 743 (6th Cir.2000) (quoting *Rakas v. Illinois*, 439 U.S. 128, 140 (1978)).  In determining whether a legitimate expectation of privacy exists, the Court must "determine first, whether [the defendant] had an actual, subjective expectation of privacy, and second, whether that expectation was a legitimate, objectively reasonable expectation."  *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001).

"The proponent of a motion to suppress has the burden of adducing facts at the suppression hearing indicating that his own rights were violated by the challenged search." *United States v. Allen*, 235 F.3d 482, 489 (10th Cir. 2000) (quotations and citation omitted). In determining whether the defendant meets this burden, the Court will consider the totality of the circumstances including: "1) whether the defendant asserted ownership over the items seized from the vehicle; (2) whether the defendant testified to his expectation of privacy at the suppression hearing; and (3) whether the

defendant presented any testimony at the suppression hearing that he had a legitimate possessory interest in the vehicle." *United States v. Valdez Hocker*, 333 F.3d 1206, 1209 (10th Cir. 2003); *see also United States v. Baker*, 221 F.3d 438, 442 (3rd Cir. 2000)(whether driver of a car has a legitimate expectation of privacy "is a fact-bound question dependant on the strength of his interest in the car and the nature of his control over it"); *United States v. Dunson*, 940 F.2d 989, 994-95 (6th Cir. 1991) (defendants had a legitimate expectation of privacy where both men participated in borrowing the car and both of them had personal belongings in the trunk), *abrogated on other grounds by United States v. Ferguson*, 8 F.3d 385 (6th Cir. 1993).

The Magistrate Judge concluded that the Defendant failed to establish a legitimate expectation of privacy in the moped or in the items seized. The Court agrees with that conclusion for the reasons stated by the Magistrate Judge. The Court particularly notes that the Defendant told Officer Terry the moped was not his (DE 22, Tr. at 14, 20 Def. Ex. 3) and that he borrowed the moped from someone. (DE 22, Tr. at 56, Def. Ex. 3). The Defendant also told Officer Terry he "had just gotten on" the moped. (Def. Ex. 3). Further, when Officer Terry asked the Defendant who loaned him the moped, the Defendant stated he could not provide that information. (Def. Ex. 3).

Thus, it is clear that the moped did not belong to the Defendant and that he had only had it briefly before he was stopped. The Defendant did not assert that he had any personal belongings in the moped. The Defendant did not testify at the suppression hearing that he had any expectation of privacy in the moped. Nor did the Defendant present any testimony or evidence to establish his possessory interest in the moped. The Defendant has never presented any evidence as to who owns the moped or who loaned the moped to the Defendant or under what terms it was loaned. Finally, the Court notes that the Defendant did attempt to flee from the scene including the moped which

would indicate he had no possessory interest in it. Accordingly, the Court adopts the Magistrate Judge's conclusion that the Defendant has failed to establish that he had a legitimate expectation of privacy in the moped.

As to the Magistrate Judge's conclusion that Officer Terry had probable cause to search the seat compartment of the moped, the Court also adopts that conclusion but clarifies that no search warrant was necessary pursuant to the automobile exception to the warrant requirement. Pursuant to that exception, an officer may search a readily mobile vehicle without a warrant if he has probable cause to believe that the vehicle contains evidence of a crime. *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998). The Sixth Circuit has held that a warrantless search of a vehicle, including its glove compartment, is justified when police officers have probable cause to believe the vehicle is stolen. *Smith v Thornburg*, 136 F.3d 1070, 1074-75 (6th Cir. 1998).

Officer Terry testified that, when the Defendant stepped off his moped after Officer Terry stopped him, he "began looking around" which, based on Officer Terry's training and experience, indicated that the Defendant "might try and run." (DE 22, Tr. at 9). Furthermore, when Officer Terry asked the Defendant to have a seat on the ground, the Defendant did not sit but instead "squatted down" and was "continuing to look around." (DE 22, Tr. at 9-10). Officer Terry testified that, the Defendant's failure to sit "all the way down" was a further indication that "he was going to run." (DE 22, Tr. at 10). Further, when Officer Terry approached the Defendant, he jumped up and "proceeded backwards approximately six feet." (DE 22, Tr. at 11). Officer Terry testified that he was able to grab the Defendant's sweatshirt and that he told the Defendant he was under arrest and ordered him to the ground but that the Defendant refused to comply. (DE 22, Tr. at 11). Officer Terry testified that the Defendant began pushing and pulling away from him, trying to get away and

4

that the Defendant kept resisting. He testified that both he and the Defendant fell to the ground, but that the Defendant continued to struggle. (DE 22 Tr. at 12). Once Officer Terry subdued the Defendant, Officer Terry asked him if the moped belonged to him and the Defendant refused to give him any more information. (DE 22 Tr. at 14).

Given these facts and those cited by the Magistrate Judge, the Court adopts the Magistrate Judge's conclusion that Officer Terry had probable cause to believe that the moped was stolen and, thus, his search was justified by the automobile exception to the warrant requirement.

For all these reasons, the Court hereby ORDERS as follows:

1) The factual findings of the Magistrate Judge contained in his recommendation (DE 27) are ADOPTED;

2) The Magistrate Judge's conclusions that the Defendant failed to establish a legitimate expectation of privacy in the moped and that Officer Terry had probable cause to search the moped are ADOPTED; and

3) The Defendant's Motion to Suppress (DE 9) is DENIED.

Dated this 21st day of April, 2010.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**